IN THE UNITED STATES DISTRICT COURT
FOR T HE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas S. McClaugherty, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 3:14-cv-02864-MGL |
| | ) | |
| v. | ) | ORDER AND OPINION |
| | ) | |
| Georgia Stone Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Georgia Stone Industries, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment (ECF No. 37) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is denied.

Plaintiff Thomas S. McClaugherty ("Plaintiff") filed his complaint on or around June 17, 2014, in the Court of Common Pleas for Kershaw County, South Carolina.(ECF No. 1.) Defendant removed the case to this Court on July 17, 2014, answered the complaint and filed a counterclaim on September 15, 2014 (ECF No. 13), and filed a motion to dismiss on November 11, 2014. (ECF No. 24.) Plaintiff filed an amended complaint on November 17, 2014, alleging causes of action for breach of contract, conversion, trespass, and for violation of the South Carolina Unfair Trade Practices Act. (ECF No. 25.) Plaintiff alleges that Defendant breached an operative lease and quarrying contract by improperly removing granite from the subject premises and for failing to pay royalty payments for the quarried granite. Defendant answered the amended complaint and filed a counterclaim on December 4, 2014. (ECF No. 28.) This Court denied Defendant's motion to dismiss the original complaint as the amended pleading superseded the original and rendered the motion

directed at the superseded pleading moot. (ECF No. 36. ) *See Young v. City of Mount Rainer*, 238 F.3d 567, 572 (4th Cir. 2001); *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10–cv–418–RJC–DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011). Defendant subsequently filed the instant motion on January 16, 2015 (ECF No. 37) arguing that Plaintiff failed to allege a plausible claim of material breach of the lease and failed to address the cure provisions within the lease. Plaintiff filed his response in opposition on January 30, 2015 (ECF No. 40) and Defendant filed a reply in support of its motion on February 9, 2015. (ECF No. 41.) The matter is now ripe for review.

When presented with a Rule 12(b)(6) motion to dismiss, the Court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding whether a complaint will survive a motion to dismiss, this court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir.2007); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999). The Court, however, cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment.

Fed.R.Civ.P. 12(b), 12(d), 56. Such conversion is not appropriate when the parties have not had an opportunity for reasonable discovery. *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir.1985).

After reviewing the record in this case, accepting all well-pleaded allegations in Plaintiff's complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the Court must deny Defendant's motion. At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proven consistent with the allegations. Further, because Defendant's arguments are primarily aimed at the allegations in Plaintiff's Complaint and because the parties have not engaged in discovery, the Court will not convert Defendant's motion to dismiss into a motion for summary judgment. Therefore, the motion to dismiss is denied without prejudice to reassert the same or similar arguments in a motion for summary judgment.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United State District Judge

Columbia, South Carolina
March 18, 2015